STATE OF NEW JERSEY, RESPONDENT, v. LEO J. DAVEY, DEFENDANT-PROSECUTOR.

Argued October 4, 1933—Decided December 15, 1933.

Before Justices CASE, BODINE and DONGES.

For the defendant-prosecutor, *George M. Eichler.*

For the respondent, *Clarkson A. Cranmer.*

PER CURIAM.

The prosecutor seeks a review of a conviction under the Motor Vehicle act. The sole question before us is whether the acting mayor, the president of the council, may at the request of the mayor and during his absence from the borough for a less period than three days, hold the Recorder's Court. We think he can. Under the Borough act (1 *Comp. Stat., p.* 232), one of the mayor's chief duties is to see to the enforcement of law and order. He has the power of a justice of the peace in cases of this character. In fact, laws have no purpose if they are not enforced.

The legislature in providing, under section 25 of the Borough act (1 *Comp. Stat., p.* 237), that the president of council should become acting mayor under certain contingencies in no sense precluded the mayor from requesting the president of council to become acting mayor for a day or two. Obviously, an executive officer must be able to on occasions delegate his powers to another. The legislature in enacting section 25 must be regarded as merely providing for a time when the president of council must become acting mayor and also imposing a duty upon the mayor to delegate his powers when his contemplated absence would exceed three days. But by

so doing they cannot be regarded as precluding the mayor from providing for the due execution of law within the borough when his absence would be for a less period of time. Otherwise short but recurring absences from the borough might result in the suspension of law enforcement.

The writ will be dismissed.